IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ESCALANTE,<br><br>        Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. CV-F-06-280 REC<br>(Nos. CR-F-97-5266 REC and<br>CR-F-04-5174 REC)<br><br>ORDER DIRECTING FEDERAL<br>DEFENDER TO APPOINT COUNSEL<br>TO REPRESENT PETITIONER FOR<br>EVIDENTIARY HEARING AND<br>DIRECTING CLERK OF COURT TO<br>TRANSFER ACTION PURSUANT TO<br>RANDOM SELECTION TO ANOTHER<br>DISTRICT COURT JUDGE |

    By Order filed on April 26, 2006, the court denied petitioner Adrian Escalante's claims made pursuant to a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 with the exception of petitioner's claim in No. CR-F-04-5174 REC that petitioner was denied the effective assistance of counsel when attorney Thomas Richardson allegedly failed to file a notice of appeal after petitioner requested that he do so. Pursuant to United States v. Sandoval, 409 F.3d 1193, 1198-1199

1  (9th Cir. 2003), the court gave the United States the option of
2  demanding an evidentiary hearing to determine the truth of
3  petitioner's claim or conceding the truth of petitioner's claim
4  and allowing the vacation and reentry of judgment so that
5  petitioner could file the notice of appeal.
6      On May 11, 2006, the United States filed a request for an
7  evidentiary hearing on petitioner's claim that Mr. Richardson
8  failed to file the notice of appeal at petitioner's request.
9      Because of this request for an evidentiary hearing, the
10 court directs the Federal Defender to appoint counsel to
11 represent petitioner in connection with this claim
12     The court also directs the Clerk of the Court to transfer
13 these actions to another district court judge pursuant to random
14 selection for all further proceedings, including the evidentiary
15 hearing.  Once the parties are notified of the judge to whom the
16 cases are reassigned, the parties shall arrange for a further
17 status conference before that judge for the purpose of scheduling
18 the evidentiary hearing.  All further pleadings in this action
19 shall set forth the appropriate initials of the judge to whom the
20 cases are reassigned.
21 IT IS SO ORDERED.
22 **Dated:  May 12, 2006**           /s/ Robert E. Coyle
   668554                            UNITED STATES DISTRICT JUDGE